Case 4:24-cv-01805   Document 26   Filed on 10/16/25 in TXSD   Page 1 of 18

United States District Court
Southern District of Texas
**ENTERED**
October 16, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TIFFANI WASHINGTON COCKRELL, | § § § | |
| *Plaintiff*, | § | |
| VS. | § § | CIVIL ACTION NO. 4:24-CV-1805 |
| SELENE FINANCE, LP AND DUTCH MILL MHP, LLC, | § § § § | |
| *Defendants*. | § § § | |

## ORDER

Pending before this Court are the Defendant Selene Finance LP's Motion for Judgment on the Pleadings (Doc. No. 15) and the Defendant Selene Finance LP's Motion for Summary Judgment (Doc. No. 20). Considering the briefing and legal standards for each cause of action, the Court denies the Motion for Judgment on the Pleadings and grants the Motion for Summary Judgment.

### I.   FACTUAL BACKGROUND

Plaintiff filed this action against Defendants Selene Finance LP and Dutch Mill MHP, LLC in Harris County state court. (Doc. No. 1-4). Selene Finance timely removed the action to this Court. (Doc. No. 1). In her Complaint, Plaintiff alleges that Defendants wrongfully initiated foreclosure proceedings against her despite her efforts to obtain a loan modification. (Doc. No. 1-4 at 4). In response to alleged communications with Selene Finance about a path to halt the foreclosure proceedings, Plaintiff alleges she wired Selene Finance an amount of $8,967.82 on November 7, 2023. (*Id.*). Despite that payment, she contends that the foreclosure occurred on the same day. (*Id.*). Plaintiff filed this lawsuit, alleging a myriad of causes of action, including wrongful foreclosure, misappropriation of surplus foreclosure proceedings, unjust enrichment,

violations of the Real Estate Settlement Procedures Act, violations of the Texas Property Code, breach of duty of good faith and fair dealing, negligence, gross negligence, and abuse of process. *See generally* (*id.*). Plaintiff also submitted an application for a temporary restraining order and temporary injunction. (*Id.* at 15). Defendant Dutch Mill has not answered or filed any other pleadings, and there is no evidence in the state or federal record that it has been properly served with this lawsuit.[1] Selene Finance moved for a judgment on the pleadings under Federal Rule of Civil Procedure 12(c) and for summary judgment under Federal Rule of Civil Procedure 56.

## II. LEGAL STANDARDS

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)). Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must draw all reasonable

---

[1] The state court docket sheet does not indicate that service was effectuated for Dutch Mill MHP LLC. (Doc. No. 1-3). While the docket indicates that the service was issued on April 10, 2024, there is no indication that the service was completed in compliance with the Texas Rules of Civil Procedure. FED. R. CIV. P. 4. Further, the attempted service was via email, which is not proper service under the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 106 (permitting email service of process only by filing a motion supported by a sworn statement that in-person service had been attempted without success). There is also no record of completed service on the federal docket.

inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on summary judgment is whether there is evidence raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248. It is the responsibility of the parties to specifically point the Court to the pertinent evidence, and its location, in the record that the party thinks are relevant. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). It is not the duty of the Court to search the record for evidence that might establish an issue of material fact. *Id.*

### III. ANALYSIS

Plaintiff's Original Petition and Application for Injunctive Relief (Doc. No. 1-4) pleads eight different claims against both Defendants Selene Financing and Dutch Mill. This Court separately addresses each cause of action, discusses the applicable law, considers only competent summary judgment evidence, and determines whether any genuine disputes of material fact exist. Ultimately, the Court finds that there are no genuine disputes of material fact as to any of the causes of action and grants the Motion for Summary Judgment.

#### A. Summary Judgment Evidence

As a preliminary matter, the Court can only rely on certain evidence to evaluate the Motion for Summary Judgment. The Court must address two semi-unique factors in this regard. Under the Federal Rules of Civil Procedure, a party asserting that a fact cannot be or is genuinely disputed must support that assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for the purposes of the motion only), admissions, interrogatory answers, or other materials." FED. R. CIV. P. 56(c)(1)(A). In this case, there are two narrow categories of evidence that must be evaluated for their competency: the sworn statements in the Plaintiff's

Response to Selene Finance's Motion for Summary Judgment and the statements in the Defendant's Requests for Admission that the Plaintiff apparently failed to provide a response.

First, the Plaintiff responded to this Motion for Summary Judgment with an affixed declaration that the statements in the Response are "true and correct" under the penalty of perjury. (Doc. No. 22 at 11). Generally, courts can consider evidence from an affidavit or declaration with certain limitations. FED. R. CIV. P. 56(c)(4). An affidavit or declaration "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated" to be considered as competent summary judgment evidence. *Id.* Conclusory statements outside of the personal knowledge of the declarant are not appropriate to consider as evidence at the summary judgment stage. *See id.; Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996) ("[M]ere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient, therefore, to defeat a motion for summary judgment.").

Plaintiff's Response to the Motion for Summary Judgment—unaccompanied by any exhibits or citations to the record—attempts to support itself by the very nature of the notarized declaration that the statements are true and correct. Nevertheless, under the Federal Rules of Civil Procedure, only statements that are within Plaintiff's personal knowledge may be considered as summary judgment evidence.[2] Outside of a brief recitation of the facts in the case, the Response largely contains conclusory statements about the law and generalized statements that there is a "genuine dispute of material fact" on a particular cause of action. *See generally* (Doc. No. 22).

---

[2] The Declaration also does not address the competency of the Plaintiff to make the statements she purports to make, which is a statement required under Federal Rule of Civil Procedure 56(c)(4). For the purpose of construing the arguments in the light most favorable to the nonmovant, the Court chooses to proceed with the analysis.

4

These statements are not within the Plaintiff's personal knowledge, and the Court cannot consider the legal arguments made in response to the Motion as competent summary judgment evidence.

Second, the Court must address the issue that the Plaintiff apparently failed to provide any response to the two sets of the Defendant's Requests for Admissions. *See* (Doc. No. 21 at App. 95– 169). Selene Finance served Plaintiff with two different sets of requests on May 20, 2025, and May 21, 2025. (*Id.*). There is no record that Plaintiff provided responses to these requests, and Selene Finance relies on the unanswered requests to support their Motion for Summary Judgment. As a matter of course, the Court can deem unanswered Requests for Admission as summary judgment evidence. *In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001). In fact, such unanswered admissions "cannot be overcome at the summary judgment stage by contradictory affidavit testimony or other evidence in the summary judgment record." *Id.* at 420. Since Plaintiff failed to supply their timely responses or file a motion with this Court to file untimely responses, the Court must deem the unanswered requests as if the Plaintiff admitted to them as true and correct for the purpose of determining the Motion for Summary Judgment.

## B. Wrongful Foreclosure

Plaintiff alleged that Selene Finance wrongfully foreclosed on the property. The parties agree that the three elements required to prove wrongful foreclosure are (1) a defect in the foreclosure sale proceedings, (2) a grossly inadequate selling price, and (3) a causal connection between the defect and the grossly inadequate selling price. *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013) (applying Texas law); (Doc. No. 20 at 4; Doc. No. 22 at 3). Foreclosure defects can be identified by reviewing the relevant portions of the Texas Property Code. Finding that there is no evidence in the record to create a genuine dispute of material fact

regarding a defect in the foreclosure sale proceedings, the Court proceeds with an analysis of only that element.

In her Complaint, Plaintiff alleged two defects in the foreclosure proceedings. Plaintiff alleged that Selene Finance prematurely mailed her Notice of Foreclosure in violation of Chapter 51 of the Texas Property Code and that Selene Finance failed to forward a debt validation letter thirty days prior to the sale notice under the same Chapter. Section 51.002 of the Texas Property Code sets out the requirements for the timing of such notices. First, the Texas Property Code requires "the mortgage servicer of the debt" to "serve a debtor in default under a deed of trust or other contract lien . . . with written notice by certified mail" at least 20 days before the notice of sale can be sent. TEX. PROP. CODE § 51.002(d). After that time has passed, the notice of sale "must be given at least 21 days before the date of the sale" by posting the notice at the proper courthouse door, filing the notice in the office of the county clerk, or serving written notice of the sale by certified mail on the debtor. TEX. PROP. CODE § 51.002(b), (b)(1)–(3). In other words, Texas law requires that the debtor has 20 days to act on a notice of default, and then the notice of sale must be posted with at least 21 days of notice.

The record indicates that Selene Finance sent the Notice of Default and Intent to Accelerate to Plaintiff on April 5, 2023. (Doc. No. 21 at App. 39–42). The record also shows that months later, the mortgage servicer sent the Notice of Trustee's Sale and Appointment of Substitute Trustee to Plaintiff on September 19, 2023. (Doc. No. 21 at App. 44–45). With far more than twenty days between the two notices, these notices comply with § 51.002(d). The record indicates, and Plaintiff admitted, that the foreclosure sale took place on November 7, 2023. (*Id.*; Doc. No. 1-4 at 6). Plaintiff had 49 days of notice before the sale, which is in compliance with § 51.002(b). Based on

6

the documents in the record, there is no evidence of any timing defect with the foreclosure proceeding.

In addition to the documents supplied by Selene Finance in support of their Motion, Selene Finance also points the Court to the Plaintiff's unanswered requests for admission. Several of those requests were related to the sufficiency of the foreclosure notices under § 51.002.[3] Since Plaintiff did not respond to the requests and since she did not provide any evidence of procedural defects, the Court finds that there is no genuine dispute of material fact that there was any defect in the foreclosure proceedings. Thus, the Court grants the Motion for Summary Judgment regarding the wrongful foreclosure cause of action.

### C. Misappropriation of Surplus Foreclosure Proceeds

In her second cause of action, Plaintiff alleged that Selene Finance misappropriated the surplus proceeds from the foreclosure of her property. In support of their Motion, Selene Finance provided the two sworn declarations regarding the transfer of money from the foreclosure transaction. (Doc. No. 21 at App. 5, 67). Both declarants stated that Dutch Mill MHP purchased the property for $139,000.00. (*Id.*). In order to pay off the mortgage loan, Dutch Mill MHP remitted $95,210.22 to Selene. (*Id.*). The declarants swore that the excess proceeds were not remitted to Selene Finance, and Selene Finance has no additional records of having received excess proceeds.

---

[3] These deemed admitted Requests for Admission included, but are not limited to:
- "Admit Selene timely sent all notices required under Section 51.002 of the Texas Property Code."
- "Admit Selene timely sent all notices required by Chapter 51 of the Texas Property Code."
- "Admit Selene sent you a letter validating the Loan more than thirty days before the Foreclosure Sale."
- "Admit Selene timely sent you a notice of default." (Doc. No. 21 at App. 153).

7

(*Id.*). Plaintiff failed to provide any contradicting evidence to establish that Selene Finance misappropriated the excess funds.

While Plaintiff responded that Selene Finance's claim is "contradicted by evidence suggesting [they] retained $95,210.22 from the sale," the Plaintiff failed to provide any competent summary judgment concerning the so-called excess. *Malacara*, 353 F.3d at 405 ("It is the responsibility of the parties to specifically point the Court to the pertinent evidence, and its location, in the record that the party thinks are relevant."). This amount is equal to the unpaid mortgage, so it is not an excess. As discussed above, Plaintiff also failed to respond to a Request for Admission on this issue. (Doc. No. 21, App. 137 ("Admit Selene did not receive any surplus or excess proceeds from the Foreclosure sale."). As a matter of law, the Court adopts the admission that Selene Finance did not receive any surplus proceeds as admitted. *Carney*, 258 F.3d at 419. Without any contrary evidence, the Court grants the Motion for Summary Judgment regarding the misappropriation of surplus foreclosure proceeds cause of action.

### D. Unjust Enrichment

In her third cause of action, Plaintiff alleged that Selene Finance was unjustly enriched by taking undue advantage of Plaintiff throughout the foreclosure proceedings. Plaintiff alleged that Selene Finance obtained the benefit of the surplus foreclosure proceeds because she did not have knowledge of the sale or the sale price. A party may recover under a theory of unjust enrichment when one person has obtained a benefit from another by fraud, duress, or the taking of an undue advantage. *Regional Specialty Clinic, P.A. v. S.A. Randle & Assocs., P.C.*, 625 S.W.3d 895, 904 (Tex. App.—Houston [14th Dist.] May 4, 2021, no pet.). A claim for unjust enrichment is based on a quasi-contract, and "it is unavailable when a valid, express contract governing the subject

8

matter of the dispute exists." *Johnson v. Wells Fargo Bank, NA*, 999 F.Supp.2d 919, 929 (N.D. Tex. Feb. 24, 2014) (applying Texas law).

In this case, the relationship between the parties was controlled by two different written contracts: the Mortgage Note and the Deed of Trust. *See* (Doc. No. 21 at App. 9–24). Further, Plaintiff failed to respond to the Request for Admission stating "[a]dmit that there is a contract which governs the dispute in the Lawsuit." (*Id.* at App. 154). Although Plaintiff responded to the Motion stating that she "disputes the validity and enforceability of the contract governing the foreclosure sale," Plaintiff did not provide any evidence or legal arguments to create a fact issue about the validity of these written agreements.

Nevertheless, even if the unjust enrichment claim was viable, Selene Finance produced a sworn declaration prepared by an employee with personal knowledge about this transaction to describe the process of the foreclosure proceeding. (Doc. No. 21 at App. 5). The declaration provided evidence that Plaintiff was sent with the required notices and loss mitigation information. (*Id.* at App. 4–6). There was no evidence of fraud, duress, or any undue advantage. Without any contradicting evidence to support the claim, the Court grants the Motion for Summary Judgment as to unjust enrichment cause of action.

### E. Violations of the Real Estate Settlement Procedures Act

In her fourth cause of action, Plaintiff alleged multiple violations of the Real Estate Settlement Procedures Act ("RESPA"), including (1) failing to respond to Plaintiff's "error resolution notice" or "inquiries for information," (2) failing to provide Plaintiff with accurate information regarding loss mitigation options and foreclosure, and (3) failing to provide Plaintiff with specific reasons for the denial of all loan workout alternatives prior to posting the property

for foreclosure. (Doc. No. 1-4 at 8). The Court considers each of the legal standards and evidence for these enumerated claims, in turn.

First, Plaintiff alleged that Selene Finance failed to respond to her inquiries for information related to the servicing of her mortgage loan or an "Error Resolution Notice," in violation of 12 U.S.C. § 2605(e)(1)(A) and 12 C.F.R. §§ 1024.35 and 1024.39. These portions of RESPA require mortgage loan servicers to provide information to the mortgagor about the servicing process. As a preliminary matter, Selene Finance argues that there is no private right of action under 12 C.F.R. §§ 1024.35 or 1024.39. Courts in the Southern District of Texas have consistently recognized that these RESPA regulations do not contemplate a private right of action as a remedy. *See, e.g.*, *Vallier v. Nationstar Mortgage, LLC*, 2018 WL 1319166 at *5 (S.D. Tex. Feb. 1, 2018) ("[T]here is no private cause of action for any violation of 12 C.F.R. §§ 1024.35 or 1024.39.").

Nevertheless, even if a private cause of action could be maintained, the Plaintiff did not produce any evidence whatsoever that she made contact with Selene Finance, inquired about her loan servicing program, sent an "Error Resolution Notice," or that Selene Finance failed to comply with these RESPA regulations. The Court is only left with her unanswered Requests for Admissions, in which she has—for the purposes of this analysis—admitted that she never sent an Error Resolution Notice, never sent a Qualified Written Request to Selene Finance, and that "Selene timely responded to your inquiries for information related to the servicing of the Loan and disputed charges within the time constraints under 12 U.S.C. § 2605(e)(1), 12 U.S.C. § 2605(e)(2), 12 C.F.R. § 1024.35 and 12 C.F.R. § 1024.39." (Doc. No. 21 at App. 148, 152). The Court finds these admissions and the complete lack of contradicting evidence to be dispositive on this issue.

Second, Plaintiff alleged that Selene Finance failed to establish live contact with the delinquent borrower in accordance with 12 C.F.R. § 1024.39(a). As stated above, the Court finds

that 12 C.F.R. § 1024.39 does not provide a private cause of action for Plaintiff to enforce in this lawsuit. *See, e.g., Vallier*, 2018 WL 1319166 at *5. Even without making that legal determination, the Court still finds no evidence to create a genuine dispute of material fact that Selene Finance failed to establish live contact with the Plaintiff as required under federal law. Not only did the Plaintiff fail to point the Court to any evidence to support her claims, but she admitted (through her lack of discovery response) that "Selene established or made good faith efforts to establish live contact with you no later than the 36th day of your delinquency on the Loan and again no later than 36 days after each payment due date so long as your remained delinquent on the Loan." (Doc. No. 21 at App. 151). Without any contradicting evidence to this admission, the Court must find no genuine dispute of material fact.

Third, Plaintiff alleged that Selene Finance failed to inform her of her loss mitigation options, including a COVID-19 forbearance program, in violation of 12 C.F.R. § 1024.41. While the Court has recognized that there is no private right of action for §§ 1024.35 or 1024.39, Congress explicitly created a private right of action for 12 C.F.R. § 1024.41. *See* 12 C.F.R. § 1024.41(a) ("A borrower may enforce the provisions of this section pursuant to section 6(f) of RESPA (12 U.S.C. 2605(f)). Although Plaintiff properly pleaded this violation in support of her lawsuit, Plaintiff did not provided any evidence that Selene Finance violated this provision. Under § 1024.41, mortgage servicers are only required to provide loss mitigation options if the borrower requests such options "more than 37 days before a foreclosure sale." *Gresham v. Wells Fargo Bank, N.A.*, 642 Fed. App'x 355, 359 (5th Cir. 2016) ("Section 1024.41(g) only applies where 'a servicer receives a complete loss mitigation application more than 37 days before a foreclosure sale.'" (quoting 12 C.F.R. § 1024.41(g)). Here, Plaintiff only sent her loss mitigation application on October 23, 2023—only fifteen days before the scheduled foreclosure sale on November 7, 2023. (Doc. No. 21 at App. 60).

11

Although Selene Finance had no statutory obligation to respond, Selene Finance sent the Plaintiff a letter on November 1, 2023 to inform her of the untimeliness of her application. (*Id.* at App. 63). Without any contradicting evidence, the Court finds no genuine dispute of material fact that Selene Finance violated 12 C.F.R. § 1024.41 by failing to inform Plaintiff of her loss mitigation options.

Finding no evidence to support her claims or contradict her discovery admissions, the Court grants the Motion for Summary Judgment as to her causes of action under 12 U.S.C. § 2605, 12 C.F.R. §§ 1024.35, 1024.39, and 1024.41.

### F. Violations of the Texas Property Code

In her fifth cause of action, Plaintiff alleged that Selene Finance violated the Texas Property Code by failing to forward a debt validation letter in accordance with the requirements of § 51.002. Section 51.002 requires mortgage servicers to "serve a debtor in default . . . with written notice by certified mail stating that the debtor is in default" and give the debtor "20 days to cure the default before notice of sale can be given." TEX. PROP. CODE § 51.002(d). The record indicates that Selene Finance sent the Notice of Default and Intent to Accelerate to Plaintiff on April 5, 2023. (Doc. No. 21 at App. 39–42). This Notice of Default was sent to the Plaintiff over six months before the foreclosure sale, presenting her with a significant amount of time to respond or cure the default. (*Id.*). Without any contradicting evidence and recognizing Plaintiff's admissions through her lack of discovery responses, the Court grants summary judgment as to this cause of action.

### G. Breach of Duty of Good Faith and Fair Dealing

In her sixth cause of action, Plaintiff alleged that Selene Finance breached the duty of good faith and fair dealing by failing to make live contact with her to inform her of the foreclosure sale, in violation of 12 C.F.R. § 1024.39. A claim for the breach of duty of good faith and fair dealing is a tort action that arises from an underlying contract. *Saucedo v. Horner*, 329 S.W.3d 825, 831

(Tex. App.—El Paso 2010, no pet.). Not every relationship nor every contract implicates this duty. *Id.* An actionable duty is only imposed when a special relationship exits, such as between an insured and his insurer. *Id.* In Texas, there is no special relationship between a mortgagee and mortgagor. *Ghattas v. Caliber Home Loans, Inc.*, 2021 WL 536462, at *5 (S.D. Tex. Jan. 25, 2021) (granting summary judgment for a breach of duty of good faith and fair dealing based on RESPA violations). Without any evidence of a special duty between the Plaintiff and Selene Finance or any evidence of RESPA violations, this Court grants summary judgment as to this cause of action.

### H. Unclean Hands

In her seventh cause of action, Plaintiff pleaded the doctrine of unclean hands. The doctrine of unclean hands is an affirmative defense based on the "idea that equitable relief is not warranted when a plaintiff has engaged in unjust, unconscionable, or inequitable conduct with regard to the issue in dispute." *Westport Ins. Corp. v. Penn. Nat'l Mut. Cas. Ins. Co.*, 662 F.Supp.3d 727, 734 (S.D. Tex. Mar. 17, 2023). "This means that a court sitting in equity may refuse to grant relief to a plaintiff who was guilty of inequitable or unlawful conduct with regard to the issue in dispute." *Id.* Here, the Plaintiff sought to invoke this affirmative defense against Selene Finance, yet Selene Finance is not seeking any equitable relief nor have they brought any counterclaims. Without the Plaintiff providing any further legal guidance or evidence in favor of this cause of action, the Court grants summary judgment.

### I. Equitable Estoppel

In her eighth cause of action, Plaintiff asserted the doctrine of equitable estoppel. Generally, equitable estoppel is established when (1) a false representation or concealment of material facts, (2) is made with knowledge, actual or constructive, of those facts, (3) with the intention that is should be acted on, (4) to a party without knowledge or means of obtaining knowledge of the facts,

and (5) who detrimentally relies on the representations. *City of Fredericksburg v. Bopp*, 126 S.W.3d 218, 221 (Tex. App.—San Antonio 2003, no pet.). Without repeating the same analyses as those above, Selene Finance has provided evidence of the compliance with relevant rules and standards in this foreclosure proceeding, including the documentation of their mailed notices, foreclosure paperwork, and Plaintiff's lack of discovery responses. Plaintiff failed to offer any evidence to support any of the elements of equitable estoppel. The Court grants summary judgment as to this cause of action.

### J. Negligence and Gross Negligence

In her ninth cause of action, Plaintiff pleaded negligence and gross negligence. To prevail on a common law negligence claim, a plaintiff must be able to prove three elements: (1) a legal duty, (2) a breach of that duty, and (3) damages proximately resulting from the breach. *Elephant Ins. Co. v. Kenyon*, 644 S.W.3d 137, 144 (Tex. 2022). To prove gross negligence, a plaintiff must show that (1) viewed objectively from the actor's standpoint, the act involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others and (2) the actor had actual, subjective awareness of the risk involved, but nevertheless proceeded in conscious indifference to the rights, safety or welfare of others. *Boerjan v. Rodriguez*, 436 S.W.3d 307, 311 (Tex. 2014).

In support of the Motion, Selene Finance argues that there was no legal duty between the parties. Courts have consistently held that the mortgagor–mortgagee relationship does not create a duty that would support a negligence claim. *See, e.g., Kovalchuk v. Wilmington Savings Fund Soc'y*, 528 F.Supp.3d 647, 661 (E.D. Tex. Mar. 16, 2021) ("Texas law does not recognize an independent legal duty between a mortgagor and mortgage[e] to support a negligence claim."); *Davis v. Wells Fargo Bank, N.A.*, 976 F.Supp.2d. 870, 888 (S.D. Tex. Sep. 30, 2013) (holding the

14

same); *Sivertson v. Citibank, N.A.*, 390 F.Supp.3d 769 (E.D. Tex. Mar. 20, 2019) ("Texas courts have found that no special relationship exists between a mortgagor and mortgagee . . . that imposes a duty enforceable by a tort claim."). Since the existence of a legal duty is a requirement to support a claim for negligence or gross negligence, the Court need not continue with the analysis.[4] The Court grants summary judgment as to the negligence and gross negligence causes of action.

### K. Abuse of Process

In her tenth cause of action, Plaintiff alleged that Selene Finance is liable for abuse of process. The cause of action for abuse of process is based on the malicious use or misapplication of service of process in order to accomplish an ulterior purpose. *Moore v. Bushman*, 559 S.W.3d 645, 653 (Tex. App.—Houston [14th Dist.] Aug. 30, 2018, no pet.). The type of "process" considered by this tort means "issuance of a citation or writ." *Davis v. West*, 433 S.W.3d 101, 110 (Tex. App.—Houston [1st Dist.] Mar. 27, 2014, pet. denied). To succeed on a claim for abuse of process, a plaintiff must show that (1) the defendant made an illegal, improper or perverted use of the process, a use neither warranted nor authorized by the process, (2) the defendant had an ulterior motive or purpose in exercising such illegal, perverted or improper use of the process, and (3) damage to the plaintiff as a result of such illegal act. *Hammervold v. Blank*, 3 F.4th 803, 807 (5th Cir. 2021) (applying Texas law). In the case at hand, there is no evidence that Selene Finance served the Plaintiff with any writ or citation. Thus, the Court grants summary judgment as to this cause of action.

---

[4] The Court also notes, as described at length in preceding analyses, that there is no evidence in the record that Selene Finance was negligent or that any alleged negligence proximately caused harm to the Plaintiff.

15

### L. Civil Conspiracy

Throughout her Complaint, Plaintiff alleged that Selene Finance was involved in a civil conspiracy to purchase the subject property at a grossly inadequate price. (Doc. No. 1-4 at 6–7). In Texas, civil conspiracy is a derivative tort, and liability for a civil conspiracy depends on a defendant's participation in an underlying tort. *Willie v. Cont'l Cas. Co.*, 2025 WL 2724389 at *16 (E.D. Tex. Sep. 23, 2025) (citing *Agar Corp. v. Electro Cirs. Int'l, LLC*, 580 S.W.3d 136, 141 (Tex. 2019)). That means that if a plaintiff fails to state a separate underlying claim on which the court may grant relief, "then a claim for civil conspiracy necessarily fails." *Id.* (citing *Meadows v. Hartford Life Ins. Co.*, 492 F.3d 634, 640 (5th Cir. 2007)). Since this Court has granted summary judgment for each cause of action in the Plaintiff's Complaint, the claim for civil conspiracy fails as a matter of law. The Court grants summary judgment as to the causes of action that include a claim for civil conspiracy.

### M. Application for Temporary Restraining Order and Temporary Injunction

In addition to the individual causes of action, Plaintiff submitted an application for a temporary restraining order and a temporary injunction along with her Complaint. (Doc. No. 1-4 at 15). A court may grant a temporary restraining order or preliminary injunction only if the movant shows: (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issues, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest. *Jones v. Tex. Dep't of Crim. Just.*, 880 F.3d 756, 759 (5th Cir. 2018). Nevertheless, under Texas law, "a request for injunctive relief is not itself a cause of action but depending on an underlying cause of action." *McKinney v. Wells Fargo Bank, N.A.*, 2019 WL 3305607 at *2 (W.D. Tex. July 23, 2019). Without any evidence to support the

causes of action at the summary judgment stage, the application for a temporary restraining order or temporary injunction must be denied as there does not appear to be a likelihood of success on the merits of any claim.

### N. Failure to Serve Dutch Mill MHP

Plaintiff filed this lawsuit against Selene Finance and another defendant, Dutch Mill MHP, LLC. (Doc. No. 1-4). While Selene Finance appeared in this lawsuit by filing an Answer, Dutch Mill MHP has never filed a single pleading in this litigation. *See* (Doc. No. 1-2). Upon further inspection, there is no record that Dutch Mill MHP was ever properly served with this lawsuit. (Doc. No. 1-3). Under the Federal Rules of Civil Procedure, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m). Nevertheless, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* This lawsuit was filed in state court on April 9, 2024, and removed to this Court on May 13, 2024. (Doc. No. 1-2). Plaintiff has had well over a year to execute proper service on Dutch Mill MHP in accordance with the Federal and Texas Rules of Civil Procedure. Therefore, unless Plaintiff shows good cause for failing to effect service within fourteen days of this Order, the civil action against Dutch Mill MHP will be dismissed without prejudice.

### IV.    CONCLUSION

For the foregoing reasons, this Court orders Plaintiff to present good cause for failing to serve Dutch Mill MHP within **fourteen days** of this Order or her claims against Dutch Mill MHP will be dismissed. Selene Finance's Motion for Judgment on the Pleadings (Doc. No. 15) is denied without prejudice. Its Motion for Summary Judgment (Doc. No. 20) is granted. The Court

dismisses this civil action as to Selene Finance with prejudice and will enter a separate judgment compliant with Federal Rule of Civil Procedure 58(a).

It is so ordered.

Signed on this the 16th day of October 2025.

Andrew S. Hanen
United States District Judge